UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MORTGAGOR LENNOX RILEY,
NAQUEEN UNIQUE ZAIRE,

    *Plaintiffs*,

v.

                                      **Case No. 5:25-CV-01599-JKP**

KAL ALSAYED, DAVE WORALL,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim.[1] *ECF No. 7*. Plaintiffs, appearing *pro se*, filed a Response, (*ECF No. 8*), to which Defendants filed a Reply, (*ECF No. 10*). Upon consideration, Defendants' Motion, (*ECF No. 7*), shall be granted.

### BACKGROUND

This case relates to a mortgage loan of property located at 6119 Amherst Bay, San Antonio, Texas 78249 (the "Property"). *See ECF No. 1* at 2*; see also ECF No. 7-1*. The following facts derive from allegations included in Plaintiffs' Complaint, (*ECF No. 1*), and the documents attached to Defendants' Motion to Dismiss, (*ECF Nos. 7-1, 7-2, 7-3, 7-4*).[2]

---

[1] The Court finds it unnecessary to address at-length Defendants' arguments relating to lack of standing or personal jurisdiction, assuming for the purposes of resolving this Motion at least some of Plaintiffs' allegations are sufficient. *See ECF No. 7* at 5–8; *see also ECF No. 1* at 2 ("This suit concerns real property located within this district."); *Id.* at 27–28 (naming Plaintiff Riley as beneficiary of the alleged Sacred Equity Redemption Trust).
[2] Plaintiffs do not dispute the authenticity of Defendants' documents. *See ECF No. 8*.

On June 18, 2021, Plaintiff Lennox Riley ("Riley") executed a Deed of Trust, granting a security interest in the Property to the Mortgage Electronic Registration Systems Inc. ("MERS"), as the nominee for financier Guidance Residential LLC.[3] *See ECF No. 1 at 3, 19–24; see also ECF No. 7-1.* In return, on behalf of Guidance Residential LLC, 2015-000010 LLC executed a promissory note in the amount of $256,500 and Riley executed an Obligation to pay the same amount. *See ECF No. 1 at 3, 19–24; see also ECF No. 7-2; 7-3.*

Four years later, on June 23, 2025, Riley executed a document titled "Assignment of Equity of Redemption." *ECF No. 1* at 25–30. In this document, Riley purported to assign "all equitable right, title, and interest in and to [the Property]" to Plaintiff NaQueen Unique Zaire ("Zaire") "to hold and administer said equitable interest in trust, under conscience and fidelity, for the benefit of [Riley] . . . " *Id.* at 27–28. Subsequently, Plaintiffs conveyed the Property to a trust titled "the Sacred Equity Redemption Trust," naming Riley as a beneficiary. *Id.* at 3.

Thereafter, on August 1, 2025, Zaire mailed Guidance Residential LLC a "Notice and Bill of Exchange," and "$1.00 U.S. Silver Certificate," instructing Guidance Residential LLC to "discharge all liens or claims arising from the alleged loan transaction." *ECF No. 1* at 4, 43–46. The Bill of Exchange states more specifically:

> This Bill of Exchange is issued by the Sacred Equity Redemption Trust, a private irrevocable trust holding full equitable interest in the underlying promissory note and equity of redemption formerly held by the mortgagor of record, for the purpose of tendering full satisfaction and lawful discharge of the alleged debt claimed by Guidance Residential LLC.

*Id.* at 46. Following these events, on December 1, 2025, Plaintiffs filed the instant suit asserting causes of action for: (1) "Accounting in Equity;" (2) "Subrogation; Application of Tender; Equitable Setoff;" and (3) "Declaratory Relief (Equitable Non-Response; Status; Right to Redeem)."

---

[3] Plaintiffs name "Kal Alsayed d/b/a President of Guidance Residential LLC" as a Defendant. *ECF No. 1* at 2.

*Id. at 5–8*. As relief, among other things, Plaintiffs seek a declaration that "the tender and special deposit is sufficient and must be applied to the account." *Id. at 7*.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing

them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Federal Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

### ANALYSIS

As numerous courts have held, including the Fifth Circuit Court of Appeals, the premise for Plaintiffs' claims is indisputably meritless.[4] In affirming a district court's recent dismissal with prejudice of a case relying on a "bill of exchange" theory, the Fifth Circuit explained:

> By statute, "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103.
>
> **Collins's privately created "bill of exchange" is not legal tender and cannot discharge his obligations under the mortgage loan agreement**. *Cf. Hesed-El v.*

---

[4] *See, e.g., Whitfield v. Am. Express Nat'l Bank*, No. SA-24-CV-00081-JKP, 2024 WL 1543236, at *2 (W.D. Tex. Apr. 9, 2024) ("Because an 'endorsed bill' is not legal tender, a plaintiff cannot satisfy his obligations under loan or credit agreement by submitting it as payment for the debt.") (collecting cases); *Charles v. Castro*, No. 5:20-CV-00042, 2020 WL 5670110, at *2 (E.D. Tex. Sept. 24, 2020) ("Plaintiff's purported 'bill of exchange' is a document of his own creation and has no value."); *Mills v. Bank OZK*, No. 6:24-CV-00133-, 2024 WL 4714325, at *3 (E.D. Tex. Oct. 9, 2024), *R. & R. adopted*, 2024 WL 4834029, at *1 (E.D. Tex. Nov. 19, 2024) ("Federal courts in Texas have uniformly rejected the notion that a debtor can satisfy a payment obligation by submitting homemade documents like 'bills of exchange' and 'endorsed bills.'"); *McClain v. I-10 Mac Haik CDJR Ltd.*, No. 4:21-CV-3240, 2023 WL 361554, at *2 (S.D. Tex. Jan. 23, 2023) (collecting cases).

*Aldridge Pite, LLP*, No. 20-14782, 2021 WL 5504969, at *3 (11th Cir. Nov. 24, 2021) ("[W]e agree with the defendants and the district court that the 'bill of exchange' quite plainly is not real money."). Because Collins's bill of exchange theory is the predicate for every claim he asserts, that legal defect is fatal to the entire complaint.

*Collins v. M&T Bank*, No. 25-50512, 2025 WL 3540064 (5th Cir. Dec. 10, 2025) (unpublished) (emphasis added). Accordingly, given the spurious nature of the premise for plaintiffs' allegations, Plaintiffs' claims[5] will be dismissed as "indisputably meritless." *See Taylor*, 257 F.3d at 472.

Furthermore, because Plaintiffs' claims are based on indisputably meritless legal theories, they cannot be salvaged by any amendment. *See Whitfield v. Am. Express Nat'l Bank*, No. SA-24-CV-00081-JKP, 2024 WL 1543236, at *3 (W.D. Tex. Apr. 9, 2024). Leave to amend is appropriate when "it appears [that] a more careful or detailed drafting might overcome the deficiencies." *Id.* at *2 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977)). Here, Plaintiffs' claims rest on indisputably meritless legal theories, such that "no amount of additional details c[ould] overcome [the] . . . complaint's deficiencies." *Whitfield v. Navy Fed. Credit Union*, 5:24-CV-00082-HJB (W.D. Tex. Oct. 1, 2024). Accordingly, Plaintiffs will not be permitted leave to amend, and Plaintiffs' claims will be dismissed with prejudice.

The Court finally notes, on February 6, 2026, Plaintiffs filed a "Notice of Bankruptcy Filing" indicating Riley filed for Chapter 13 bankruptcy. *ECF No. 9*. Because the automatic stay

---

[5] To the extent Plaintiffs' first cause of action, asserted for "Accounting in Equity," is not reliant on Plaintiffs' "bill of exchange" theory, the Court notes "[a]n equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law.'" *Clinton v. Rushmore Loan Mgt. Services, LLC*, No. 4:25-CV-05421, 2026 WL 92048 (S.D. Tex. Jan. 13, 2026) (internal citations omitted). Because Plaintiffs do not allege facts suggesting the account presented is so complex that adequate relief may not be obtained at law, Plaintiffs have not alleged facts that would establish they are entitled to an accounting. *E.g.*, *Obaj Properties LLC v. Capital Fund I LLC*, No. 5:24-CV-01395 (W.D. Tex. June 11, 2025).

5

applies only to judicial proceedings against the debtor, the automatic stay is inapplicable here.[6]

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, (*ECF No. 7*), is **GRANT-ED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED** to terminate this case.

It is so ORDERED.
SIGNED this 6th day of March, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

---

[6] *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711 (C.A.5 (La.), 1985) ("The automatic stay takes effect under 11 U.S.C. § 362(a)(1) upon the filing of a petition in bankruptcy and acts to stay any judicial "proceeding against the debtor.").