# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**MORTGAGOR LENNOX RILEY,**
**NAQUEEN UNIQUE ZAIRE,**

    *Plaintiffs*,

                                        **Case No. 5:25-CV-01599-JKP**

**v.**

**KAL ALSAYED, DAVE WORALL,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Alter or Amend Judgment, (*ECF No. 12*), brought pursuant to Federal Rule of Civil Procedure 59(e). As detailed in the Court's March 6, 2026, Memorandum Opinion and Order, this case was dismissed for, among other reasons, Plaintiffs' reliance on a "bill of exchange" theory that has been rejected by Fifth Circuit Court of Appeals authority.[1] In the instant Motion, Plaintiffs restate arguments asserted in their Response, (*ECF No. 8*), to Defendants' Motion to Dismiss for Failure to State a Claim, (*ECF No. 7*). Therefore, upon consideration, the Motion, (*ECF No. 12*), is denied.

---

[1] *Collins v. M&T Bank*, No. 25-50512, 2025 WL 3540064 (5th Cir. Dec. 10, 2025); *see, e.g., Whitfield v. Am. Express Nat'l Bank*, No. SA-24-CV-00081-JKP, 2024 WL 1543236, at *2 (W.D. Tex. Apr. 9, 2024) ("Because an 'endorsed bill' is not legal tender, a plaintiff cannot satisfy his obligations under loan or credit agreement by submitting it as payment for the debt.") (collecting cases); *Charles v. Castro*, No. 5:20-CV-00042, 2020 WL 5670110, at *2 (E.D. Tex. Sept. 24, 2020) ("Plaintiff's purported 'bill of exchange' is a document of his own creation and has no value."); *Mills v. Bank OZK*, No. 6:24-CV-00133-, 2024 WL 4714325, at *3 (E.D. Tex. Oct. 9, 2024), *R. & R. adopted*, 2024 WL 4834029, at *1 (E.D. Tex. Nov. 19, 2024) ("Federal courts in Texas have uniformly rejected the notion that a debtor can satisfy a payment obligation by submitting homemade documents like 'bills of exchange' and 'endorsed bills.'"); *McClain v. I-10 Mac Haik CDJR Ltd.*, No. 4:21-CV-3240, 2023 WL 361554, at *2 (S.D. Tex. Jan. 23, 2023) (collecting cases).

## I.    Rule 59(e) Does Not Warrant Reconsideration

Through Fed. R. Civ. P. 59(e), litigants may move "to alter or amend a judgment," so long as they do so within twenty-eight days of the entry of judgment. *Banister v. Davis*, 590 U.S. 504, 507 (2020). Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See id.* at 508 (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id.* (omitting citation, internal quotation marks and brackets). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 508 & n.2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable discretion in deciding whether to reopen a case under Rule 59(e).'" *Id.* (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

In the instant Motion, Plaintiffs restate arguments asserted in their Response, (*ECF No. 8*), to Defendants' Motion to Dismiss for Failure to State a Claim, (*ECF No. 7*), arguing the Court committed a manifest error of law. The Court considered these arguments when it assessed Defendant's Motion to Dismiss. *See ECF No. 11*. Plaintiffs do not provide any newly discovered

evidence or intervening change in controlling law which would alter the Court's determination nor demonstrated amendment is necessary to prevent a manifest injustice.

To the extent Plaintiffs claim they "did not assert" a "bill of exchange" theory, the Court notes in their Response, (*ECF No. 8*), Plaintiffs acknowledged the bill of exchange theory was not their "sole predicate of relief." They further acknowledged "[e]ven if the Court were to disregard the [bill of exchange] allegations entirely" a controversy still exists regarding their equitable accounting cause of action. *Id*. Regarding that cause of action, the Court found:

> "'[a]n equitable accounting is proper when the facts and accounts presented are so complex that 'adequate relief may not be obtained at law.'" *Clinton v. Rushmore Loan Mgt. Services, LLC*, No. 4:25-CV-05421, 2026 WL 92048 (S.D. Tex. Jan. 13, 2026) (internal citations omitted). Because Plaintiffs do not allege facts suggesting the account presented is so complex that adequate relief may not be obtained at law, Plaintiffs have not alleged facts that would establish they are entitled to an accounting. *E.g.*, *Obaj Properties LLC v. Capital Fund I LLC*, No. 5:24-CV-01395 (W.D. Tex. June 11, 2025).

*ECF No. 11* at n.5. Accordingly, the Court has already addressed these matters.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Alter or Amend Judgment, (*ECF No. 12*), brought pursuant to Federal Rule of Civil Procedure 59(e), is **DENIED**.

It is SO ORDERED.
SIGNED this 25th day of May, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE